" The courts do not look to see who held out the bait, but to see who took it " (p. 289), must be read against the background which spawned it. So in *People v. Conrad* (102 App. Div. 566 [1905], affd. 182 N. Y. 529) the defendant, convicted of the crime of an attempt to commit the crime of abortion, "was not a passive instrument in the hands of the entrapping parties. He did the act * * * voluntarily, with full knowledge of the subject and of the consequences which would flow therefrom " (pp. 567–568). In *People v. Moore* (142 App. Div. 402 [1911], affd. 201 N. Y. 570) the trap for the defendant merely caught the procurer who had done everything to complete the crime. Facilitation of accomplishment to one intent on committing a crime is not entrapment (*Sherman v. United States*, 356 U. S. 369). In the cases cited it may fairly be said as a matter of law there was no entrapment and so the issue need not have been submitted to the jury or, if submitted, rejection by the jury would have been fully warranted.

I do not say there was entrapment in the case before us. That should be for the jury to determine. I go no further than to say the issue was raised as a defense, and the contrary evidence not being so overwhelming as to warrant the court concluding as a matter of law that no entrapment existed, the issue, as one of fact, should have been submitted to the jury. Like all other defenses when properly raised, a defendant is entitled to have the merits of such defense fairly considered and passed upon by the jury.

" In charging the jury, the court must state to them, all matters of law which it thinks necessary for their information in giving their verdict and must, if requested, in addition to what it may deem it its duty to say, inform the jury that they are the exclusive judges of *all* questions of fact " (Code Crim. Pro., § 420, emphasis supplied). In light of the conflicting versions of the occurrences, and particularly in view of the fact that these defendants had no prior criminal record indicative of a continuing course of conduct, the question of entrapment was a question of fact. Questions of fact are for the jury (*People v. Walker*, 198 N. Y. 329). It might be noted that the proposed New York Penal Law (§ 75.05) recognizes entrapment as a defense.

A plea of not guilty puts in issue every material fact essential to the commission of the crime and the defense of entrapment can be raised under such a plea (Cf. *Sorrells v. United States*, 287 U. S. 435). The factual issue would be whether otherwise unwilling persons were induced to commit a crime, or whether these defendants were already so predisposed and were merely afforded an opportunity to do so. " Entrapment occurs only when the criminal conduct was ' the product of the *creative* activity ' of law-enforcement officials " (*Sherman v. United States*, 356 U. S. 369, 372, *supra*; *Sorrells v. United States*, 287 U. S. 435, *supra*) and unless it can be decided as a matter of law, the issue should always be one for the jury. No legal agency should attempt to create a crime in order to punish it, and if the issue be properly raised, like all issues of fact it should go to the jury for resolution.

Botein, P. J., Rabin, McNally and Eager, JJ., concur in decision; Stevens, J., dissents in opinion.

Judgment of conviction affirmed.

■    THE PEOPLE OF THE STATE OF NEW YORK v. GARY KELLY.— Motion for leave to appeal as a poor person denied on the ground that under section 517 of the Code of Criminal Procedure no appeal lies to this court from an order denying a motion for resentence or from an order denying a motion for reargument.    Concur — Botein, P. J., Breitel, Stevens, Eager and Staley, JJ.

■    THE PEOPLE OF THE STATE OF NEW YORK v. CLARENCE DUGGER.— Motion for leave to appeal as a poor person denied on the ground that under section 517 of the Code of Criminal Procedure no appeal lies to this court from

an order denying a motion for resentence or from an order denying a motion for reargument. Concur — Rabin, J. P., Valente, McNally, Stevens and Steuer, JJ.

(Republished)

■ SAMUEL ATKIN et al., Appellants, v. HILL, DARLINGTON & GRIMM et al., Respondents.— Judgment dismissing the complaint affirmed, with $25 costs to the respondents. Opinion *Per Curiam*. Concur — Rabin, McNally and Steuer, JJ.; Botein, P. J., and Eager, J., dissent in an opinion by Eager, J. The order of this court entered on June 17, 1965, is vacated. [See 23 A D 2d 331.]

■ HILL, DARLINGTON & GRIMM, Defendants-Respondents and Third-Party Plaintiffs-Appellants, v. FEDERAL INSURANCE COMPANY, Third-Party Defendant-Respondent.— Judgment dismissing the third-party complaint unanimously affirmed, with $25 costs to the respondent. No opinion. The order of this court entered on June 17, 1965, is vacated. Concur — Botein, P. J., Rabin, McNally, Eager and Steuer, JJ. [23 A D 2d 331.]

(July 6, 1965)

■ THE PEOPLE OF THE STATE OF NEW YORK v. GEORGE FELD.— Motion to dismiss appeal granted. Under section 517 of the Code of Criminal Procedure no appeal lies to this court from an order denying reargument. Concur — Rabin, J. P., Valente, McNally, Stevens and Steuer, JJ.

■ WILLIAM ANTHONY v. CITY OF NEW YORK.— Motion to dismiss appeal for failure to prosecute granted, with $10 costs. The papers submitted in opposition are insufficient to defeat the motion. ( See *Tonkonogy* v. *Jaffin,* 21 A D 2d 264; *People* v. *Hail Fellows,* 23 A D 2d 734.) Concur — Rabin, J. P., Valente, McNally, Eager and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. JESSE SMITH.— Motion to dismiss appeal granted. Under section 517 of the Code of Criminal Procedure no appeal lies to this court from the order entered on December 1, 1964. Concur — Botein, P. J., Breitel, Stevens, Eager and Staley, JJ.

(July 8, 1965)

■ JACOB S. LAMPERT et al., Individually and as Copartners Doing Business as SOLTZER-LAMPERT, et al., Appellants, v. SAMUEL I. EDELMAN et al., Individually and as Copartners Doing Business as EDELMAN AND EDELMAN, Respondents. — Summary judgment, dismissing the complaint based on various alleged wrongs, including injurious falsehood and defamation, unanimously modified, on the law; and defendants' motion for summary judgment is denied as to the first and second causes of action, as to which the action is severed, without costs or disbursements to any party. The confusion in this case stems solely from treating it as one only in defamation, that is, as one only for libel or slander. The fact is that it is one for injurious falsehood, insofar as the first and second causes of action are concerned. As Prosser points out the cases in this area go back to the 16th century (Prosser, Torts [3d ed.], p. 938). Of such cases, he says: "For the most part the injurious falsehood cases have been concerned with aspersions upon the title to property, or its quality. Any type of legally protected property interest that is capable of being sold may be the subject of disparagement" (*id.* p. 941). The class of case has untold examples in New York. They are cited by Prosser. (See, also, 35 N. Y. Jur., Libel and Slander,